UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:09-cr-171-SEB-KPF-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CRISTOFER TICHENOR | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09-cr-00171-SEB-KPF |
| | ) | |
| CRISTOFER TICHENOR, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Cristofer Tichenor seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Tichenor's motion is **denied**.

## I. Background

In 2011, Mr. Tichenor pled guilty to armed robbery and discharge of a firearm during a crime of violence. Dkt. 149. On direct appeal, the Seventh Circuit summarized his offense conduct as follows:

> On the morning of February 18, 2009, a masked man, later identified as Cristofer Tichenor, robbed the Community Bank in Cicero, Indiana. He fired a gunshot into the ceiling and demanded that the bank tellers and the manager give him the "50's and 100's" out of the safe. He pointed a gun at them as he shouted these commands. He escaped with $52,900 in a small, silver car.

*United States v. Tichenor*, 683 F.3d 358, 360 (7th Cir. 2012), *overruled by United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016).

The Court sentenced Mr. Tichenor to a total sentence of 300 months of imprisonment, representing a 180-month sentence for the armed robbery count and a consecutive 120-month sentence for the firearm count. Dkt. 149. The Court also imposed five years of supervised release. *Id.* At sentencing, the Court applied the career offender guideline in U.S.S.G. § 4B1.1(b), resulting in a guidelines range of 210 to 262 months of imprisonment. *Tichenor*, 683 F.3d at 361. The 180-

month sentence for the armed robbery count represented a substantial downward departure, but it was still substantially above the guidelines range that would have resulted if the career offender guideline had not been applied. *Id.*

Mr. Tichenor has been in custody for more than 13 years. According to the Bureau of Prisons ("BOP"), his anticipated release date is June 9, 2030. *See* https://www.bop.gov/inmateloc/ (last visited May 12, 2022).

Mr. Tichenor filed a pro se motion for compassionate release. Dkt. 185. The Court appointed counsel to represent him, dkt. 186, and appointed counsel filed a supporting memorandum on his behalf, dkt. 191. Mr. Tichenor argues that "extraordinary and compelling reasons" warrant release within the meaning of § 3582(c)(1)(A)(i) because he would face a shorter sentence if sentenced today, he is suffering from on-going symptoms after a bout with COVID-19, and he suffers from a medical condition (being overweight) that increases his risk of suffering severe symptoms if he contracts COVID-19 again. *Id.* The United States responded in opposition, arguing that Mr. Tichenor has not shown extraordinary and compelling reasons warranting relief, he would pose a danger to the community if released, and the sentencing factors in 18 U.S.C. § 3553(a) weigh against release. Dkt. 195. Mr. Tichenor filed a reply, dkt. 196, and a supplement to his motion, dkt. 197.

After Mr. Tichenor's motion was ripe, the Court ordered him to show cause why his motion should not be denied because it was foreclosed by the rationales of the Seventh Circuit's opinions in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), and *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). Dkt. 198. He filed a response. Dkt. 199. Thus, his motion for compassionate release is ripe for review.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Tichenor's first reason for requesting a sentence reduction—that he would likely receive a shorter sentence if sentenced today because he no longer qualifies as a career offender under the guidelines—is not an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A)(i), whether standing alone or in connection with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that the non-retroactive change to the mandatory minimum sentence under 18 U.S.C. § 924 cannot be an extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release."). Mr. Tichenor's reliance on *United States v. Black*, 999 F.3d 1071, 1076 (7th Cir. 2021), *see* dkt. 199, is misplaced. In *Black*, the Seventh Circuit suggested that the district court may have failed to recognize the extent of its discretion because it

4

failed to mention the post-sentencing change to the sentencing scheme in 18 U.S.C. § 924, but that was in the context of the district court's discussion of the § 3553(a) factors, not its discussion of whether the district court abused its discretion in concluding that the defendant had not shown extraordinary and compelling reasons for release. *See Black*, 999 F.3d at 1076.

The Court also declines to find that Mr. Tichenor's current health constitutes an extraordinary and compelling reason to release him, whether alone or in combination with any other factors. Mr. Tichenor represents that, even after the BOP deemed him "recovered" from COVID-19, he continued to suffer from headaches, shortness of breath, and dizzy spells. Dkt. 191 at 18. But it does not appear that he is incapacitated or that these symptoms limit his ability to engage in self-care. For example, it appears that he has been able to maintain employment throughout his incarceration. *See* dkt. 191 at 24–25. As such, the Court declines to exercise its discretion to find that Mr. Tichenor's ongoing COVID-19-related symptoms are an extraordinary and compelling reason to release him.

That leaves Mr. Tichenor's final reason for requesting a sentence reduction—the risk he faces from the COVID-19 pandemic in light of his medical conditions. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). The Seventh Circuit has repeatedly affirmed that the risk an inmate faces from COVID-19 cannot be an extraordinary and compelling reason warranting release under § 3582(c)(1)(A)(i) unless the inmate shows that he cannot "receive or benefit from a vaccine." *Id.*; *see also United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022)

("Despite the threat of new coronavirus variants, we reiterated that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.") (cleaned up). Mr. Tichenor is fully vaccinated against COVID-19. *See* dkt. 199-1. But he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. Tichenor "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). Accordingly, Mr. Tichenor has failed to carry his burden to show that the risk of COVID-19 presents an extraordinary and compelling reason for release.[1]

Given the determination that Mr. Tichenor has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Tichenor's motion for compassionate release, dkt. [185], is **denied**.

**IT IS SO ORDERED.**

Date: 5/17/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] In his response to the Court's show-cause order, Mr. Tichenor added a fourth potential extraordinary and compelling reason for release—rehabilitation. Dkt. 199. By waiting until the show-cause response to raise this argument, Mr. Tichenor waived it. Regardless, rehabilitation alone cannot be an extraordinary and compelling reason warrant release. *See United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022) ("At the first stage of the analysis, the court rightly did not consider Whited's rehabilitation efforts or disciplinary record, which are not extraordinary and compelling reasons for release and are therefore more suitably addressed as part of the § 3553(a) analysis."); *see also* 28 U.S.C. § 994(t).

Distribution:

All Electronically Registered Counsel