UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:09-cr-00171-SEB-KPF-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CRISTOFER TICHENOR | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED. In 2011, Mr. Tichenor pled guilty to armed robbery and discharge of a firearm during a crime of violence. Dkt. 149. The Court sentenced Mr. Tichenor to a total sentence of 300 months of imprisonment, representing a 180-month sentence for the armed robbery count and a consecutive 120-month sentence for the firearm count. Dkt. 149. The Court also imposed five years of supervised release. *Id.*

In 2020, Mr. Tichenor filed a motion for compassionate release. Dkt. 185. The Court denied his motion, finding that the fact that he might receive a shorter sentence if sentenced today, his current health issues, and the risk he faces from the COVID-19 pandemic in light of his medical conditions, did not establish extraordinary and compelling reasons to grant him compassionate release. Dkt. 201. Several months later, Mr. Tichenor filed the instant motion for compassionate release, wherein he argues that he establishes extraordinary and compelling reasons for release due to his rehabilitation while in prison and his plan for when he is released from prison. Dkt. 202. The

Court concludes that it does not require a response from the United States to resolve the issues raised by Mr. Tichenor's motion.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The fact that Mr. Tichenor represents that he has a viable, confirmable release plan is not extraordinary. Many inmates have viable, confirmed release plans. While the Court might consider the existence of such a plan in weighing the § 3553(a) factors, it declines to exercise its discretion to find that the existence of such a plan is an extraordinary and compelling reasons for relief under § 3582(c)(1)(A), whether standing alone or in combination with any other factors.

That leaves Mr. Tichenor with rehabilitation as the only potential extraordinary and compelling reason for his release. While the Court applauds Mr. Tichenor for his efforts at rehabilitation and accomplishments while in prison, rehabilitation alone cannot be an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). *See United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022) ("[R]ehabilitation cannot serve as a stand-alone reason for

compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Mr. Tichenor's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling to grant him compassionate release.

Because Mr. Tichenor has not shown extraordinary and compelling reasons warranting release, the Court need not consider whether the sentencing factors in § 3553(a) weigh in favor of release.

Accordingly, Defendant's motion for compassionate release, dkt. [202], is **denied**.

**IT IS SO ORDERED.**

Date:   10/27/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Cristofer Tichenor
Reg. No. 09285-028
FCI Pekin
Federal Correctional Institution
P.O. Box 5000
Pekin, IL  61555

All Electronically Registered Counsel